DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Shane Matthew Wamsley, appeals the verdict of the Summit County Court of Common Pleas. We affirm.
 I.
Early in the morning of August 22, 1998, Mr. Wamsley was driving a Honda automobile westbound on interstate 76. Tina Schaefer, Mr. Wamsley's wife, Colin Kelly and Bob Bilek accompanied Mr. Wamsley as passengers. They were proceeding to Mr. Wamsley's home after visiting several bars.
Just past two in the morning, the Honda driven by Mr. Wamsley entered a skid in which the Honda was no longer traveling in a controlled manner and began sliding down the roadway almost perpendicular to the flow of traffic. The Honda then impacted the driver's side of the tractor of a tractor-trailer rig, which was also traveling down the roadway westbound. The Honda began to roll and, after flipping repeatedly, came to rest in the median between the east and west bound lanes of interstate 76. Mr. Kelly, who was not wearing his seatbelt, was ejected from the Honda as it flipped repeatedly. He suffered severe head trauma and died at the scene.
Officer Robert Bari of the Norton Police Department responded to the report of an accident on interstate 76 at approximately 2:26 a.m. on the morning of August 22, 1998. Upon arriving, he found Mr. Wamsley, his wife, and Mr. Bilek, who were still in the overturned Honda which was resting in the median. He found Mr. Kelley some distance away also in the median. Several other officers of the Norton Police Department arrived as well as emergency medical personnel. Mr. Wamsley, his wife, and Mr. Bilek were transported to the hospital for treatment of their injuries. Mr. Kelley's body was transported to the Summit County Medical Examiner's Office where he was pronounced dead.
Mr. Wamsley was indicted by the Summit County Grand Jury on September 3, 1998 on six counts: (1) one count of involuntary manslaughter, in violation of R.C. 2903.04(B); (2) one count of aggravated vehicular homicide, in violation of R.C. 2903.06; (3) one count of aggravated vehicular assault, in violation of R.C.2903.08; (4) two counts of driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1) and (2); and (5) one count of failing to control the vehicle which he was operating, in violation of R.C. 4511.20.2. A jury trial commenced on December 8, 1998 and concluded on December 10, 1998. In a verdict journalized on December 15, 1998, Mr. Wamsley was found (1) guilty of involuntary manslaughter as the jury found that Mr. Kelley's death was proximately caused by Mr. Wamsley's failure to control the vehicle that he was operating, (2) guilty of aggravated vehicular homicide of Mr. Kelley, (3) guilty of aggravated vehicular assault of Ms. Schaefer, and (4) guilty of failing to control the vehicle which he was operating. The jury found Mr. Wamsley not guilty of driving under the influence of drugs or alcohol. Mr. Wamsley was sentenced accordingly.[1] This appeal followed.
 II.
Appellant asserts four assignments of error. We will address each in due course, consolidating the first and fourth assignments of error as well as the second and third assignments of error as they contain similar issues.
A. First Assignment of Error
 THE CONVICTION OF THE APPELLANT FOR [sic] THE CHARGE OF INVOLUNTARY MANSLAUGHTER, AGGRAVATED VEHICULAR HOMICIDE, AGGRAVATED VEHICULAR ASSAULT AND FAILURE TO CONTROL IN THIS CASE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED[.]
B. Fourth Assignment of Error
 THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF INVOLUNTARY MANSLAUGHTER, AGGRAVATED VEHICULAR HOMICIDE, AGGRAVATED VEHICULAR ASSAULT AND FAILURE TO CONTROL FOR LACK OF CORROBORATION OF [sic] STATE'S WITNESSES[.]
Mr. Wamsley asserts that he was convicted based upon evidence so lacking in substance that the jury clearly lost its way in convicting him. He challenges the quantum of evidence upon which his conviction was based as well as asserting that the state's witnesses were not credible. Moreover, he asserts that, as the state's witnesses were uncorroborated and unconvincing, the jury lost its way and perpetrated a miscarriage of justice in convicting him. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. Furthermore, "[i]t is axiomatic that this court does not sit as a trier of fact. Rather, `on the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts.'" Kuempel Serv. Inc. v. Zofko (1996),109 Ohio App.3d 591, 598, quoting State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
The jury did not act against the manifest weight of the evidence by convicting Mr. Wamsley of involuntary manslaughter. Mr. Wamsley asserts that the evidence that was adduced at trial was such that a reasonable jury could not have concluded that Mr. Wamsley, while committing a minor misdemeanor, proximately caused Mr. Kelly's death as is required under R.C. 2903.04(B) for one to be convicted of involuntary manslaughter. After thoroughly reviewing the record, we conclude that the evidence at trial, when construed in a light most favorable to the prosecution, showed that Mr. Wamsley committed a minor misdemeanor — operating his vehicle without reasonable control pursuant to R.C. 4511.20.2 — by loosing control of his vehicle during clear weather conditions and skidding down interstate 76. Furthermore, the evidence, construed in a light most favorable to the prosecution, supported the jury's finding that such loss of control was the foreseeable proximate cause of Mr. Kelly being ejected from the vehicle and killed.
Mr. Wamsley also asserts that his conviction of aggravated vehicular manslaughter of Mr. Kelly was against the manifest weight of the evidence. He asserts that the jury went astray when it concluded that he acted recklessly while operating a motor vehicle and thereby caused the death of another as is required by R.C. 2903.06 for one to be convicted of aggravated vehicular manslaughter. Furthermore, he asserts that the jury went astray by concluding that he recklessly caused the severe injuries which Tina M. Schaefer suffered in the accident as is required to sustain a conviction of aggravated vehicular assault pursuant to R.C. 2903.08. One is reckless if one,
 with heedless indifference to the consequences, 
perversely disregards a known risk that [one's] conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, [one] perversely disregards a known risk that such circumstances are likely to exist.
R.C. 2901.22(c). Considering the facts in a light most favorable to the prosecution, we cannot say the jury erred in finding that Mr. Wamsley was reckless and that his conduct caused the death of Mr. Kelly. Although the jury found Mr. Wamsley not guilty of driving under the influence of drugs or alcohol, there was sufficient evidence for the jury to conclude that Mr. Wamsley's consumption of alcohol that evening, while not being legally intoxicated, created a situation which was likely to result in an incident such as that which occurred.[2] Moreover, after consuming alcohol, he disregarded the known risk that such alcohol consumption would slow his reflexes, impair his judgment, and cause such an incident. Hence, we conclude that the jury did not loose its way in convicting Mr. Wamsley of aggravated vehicular homicide and aggravated vehicular assault.
Finally, Mr. Wamsley asserts that the jury lost its way in convicting him of operating a vehicle without being in reasonable control of the vehicle, in violation of R.C. 4511.20.2. We conclude that the jury did not loose its way because, considering the evidence in a light most favorable to the prosecution, Mr. Wamsley's loss of control of his vehicle in clear weather with no adverse conditions except darkness as well as the manner in which the Honda slid down interstate 76 provide a basis for the jury to conclude that Mr. Wamsley was not in control of the vehicle which he was operating. Moreover, although the state's witnesses may not have been corroborated in some aspects of their testimony, it is manifestly the province of the jury to adjudge the witnesses' credibility and the veracity of their statements. Moreover, physical evidence and pictures depicting the scene of the incident were introduced at trial and provided further evidence of how the incident occurred as well as further support the jury's verdict in this case. Hence, after thoroughly reviewing the record, we conclude that the jury did not loose its way or carry out a miscarriage of justice. Mr. Wamsley's first and fourth assignments of error are overruled.
C. Second Assignment of Error
 THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF CRIMINAL RULE 29; SPECIFICALLY, THERE WAS NOT SUFFICIENT EVIDENCE TO PROVE THE OFFENSES OF INVOLUNTARY MANSLAUGHTER, AGGRAVATED VEHICULAR HOMICIDE, AGGRAVATED VEHICULAR ASSAULT AND FAILURE TO CONTROL BEYOND A REASONABLE DOUBT[.]
D. Third Assignment of Error
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF CRIMINAL RULE 29 (A) [sic], ARTICLE I, SECTION 10 [sic] OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL[.]
Mr. Wamsley avers that the evidence upon which his convictions rest was insufficient, and therefore, the trial court erred by denying his motion for acquittal pursuant to Crim.R. 29 and that, furthermore, we must reverse his conviction based upon the insufficiency of the state's evidence against him. We disagree.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Statev. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. at 4. "In essence, sufficiency is a test of adequacy." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that "reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Wolfe
(1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
As both standards require us to analyze the sufficiency of the state's evidence, we will address them together. Mr. Wamsley challenges the state's proof that he acted recklessly, which the state is required to prove to support Mr. Wamsley's convictions of involuntary manslaughter, aggravated vehicular homicide, and aggravated vehicular assault, as discussed above. As we previously noted, when the evidence is construed in a light most favorable to the prosecution, a reasonable jury could find that Mr. Wamsley's actions were reckless. Mr. Wamsley consumed alcohol and then operated a motor vehicle; although he was not legally impaired, such actions may demonstrate "heedless indifference to the consequences" of one's actions and a perverse disregard of a known risk as is required by R.C. 2901.22 to demonstrate reckless conduct. Hence, we conclude that the evidence when viewed in a light most favorable to the prosecution, evidenced recklessness, and that therefore, the evidence supporting Mr. Wamsley's convictions was not insufficient.
Mr. Wamsley also challenges the sufficiency of the evidence supporting his conviction for failure to maintain control of the vehicle that he was operating. He avers that there was no evidence that he was not in reasonable control of the vehicle that he was operating. We conclude that there was sufficient evidence because, as discussed above, when the evidence is construed in a light most favorable to the prosecution, the vehicle he was operating entered a skid without encountering adverse conditions on the roadway or mechanical problems. Moreover, there was also evidence that Mr. Wamsley had been consuming alcoholic beverages earlier that evening. Hence, we conclude that the evidence upon which his conviction of failure to maintain reasonable control of his vehicle rests was not insufficient. Moreover, we ascertain that, at the time Mr. Wamsley moved for acquittal, there was sufficient evidence for reasonable jurors to convict him of the crimes of which he was convicted as the quantum of the state's evidence did not increase from the point at which Mr. Wamsley moved for acquittal to the time the jury retired to deliberate. Mr. Wamsley's second and third assignments of error are overruled.
 III.
Mr. Wamsley's four assignments of error are overruled. The verdict of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT
BAIRD, P.J., SLABY, J., CONCUR.
[1] Mr. Wamsley was not sentenced on the involuntary manslaughter conviction as the trial court found that, pursuant to R.C. 2941.25(A), it was allied to and of similar import to aggravated vehicular homicide.
[2] The Officers on the scene of the incident performed no Breathalyzer or field sobriety test on Mr. Wamsley, because the Officers' first priority was to transport him to the hospital due to his medical condition. Furthermore, no blood alcohol test results were before the jury. However, there was testimony that Mr. Wamsley had been drinking that evening and that his breath smelled of alcohol.